IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK WADE BREDOW, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-16-3167 |
| WARDEN TIMOTHY STEWART, | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Mark Wade Bredow's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Pet., ECF No. 1). Bredow is an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). In his Petition, he challenges the authority of the Federal Bureau of Prisons ("BOP") to execute and commence his federal sentence pursuant to a 2016 detainer lodged by the United States Marshal Service ("USMS") based on a federal sentence imposed in 1993. (Id.). As relief, Bredow asks for removal of the "detainer sentence" or to award him "credit for all street time due to the failure to enforce" the detainer. (Id. at 2).

Respondent Timothy Stewart ("Warden Stewart"), Warden of FCI-Cumberland, has filed a Motion to Dismiss or, in the Alternative for Summary Judgment seeking dismissal of the Petition or summary judgment in his favor for lack of exhaustion of administrative remedies. (ECF No. 7). Bredow filed a Response in opposition. (ECF No. 11).

No hearing is required for the disposition of this case. See Local Rule 105.6 (D.Md. 2016). For the reasons set forth below, the Court will dismiss the Petition for lack of exhaustion.

## I.   BACKGROUND

On March 5, 1990, agents of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") arrested Bredow for possession of a weapon by a felon. (Hanks Decl. ¶ 3, ECF No. 7-2). On the same day, the federal authorities released Bredow on bond. (Id.). In December 1990, a search of Bredow's home resulted in the seizure of shotgun shells and .22 caliber live rounds. (Id.). Between Bredow's arrest by the ATF and his federal sentencing in 1993, Michigan law enforcement authorities arrested and convicted Bredow of several offenses. (Id. ¶¶ 4, 6, 8). Additionally, the federal authorities determined that Bredow violated his federal bond on the ATF charges. (Id. ¶ 7). In February 1992, the USMS filed a detainer with the Wayne County Jail in Detroit, Michigan based on the bond violation (the "Bond Violation Detainer"). (Id. ¶ 7).

While serving his Michigan sentence at Kinross Correctional Facility in Michigan, Bredow was sentenced, on June 21, 1993, in the United States District Court for the Eastern District of Michigan to concurrent terms of 27 months in prison. (Id. ¶ 9). The Court ordered the federal sentence to run consecutive to the state sentence being served. (Id.). On June 30, 1993, the USMS lodged a second detainer based on Bredow's federal sentence (the "Felon in Possession Detainer"). (Id. ¶10).

Subsequent to his federal conviction and sentencing, the warrant for Bredow's federal bond violation was dismissed. (Id. ¶ 11). Consequently, the federal bond detainer lodged with the Wayne County Jail was no longer necessary. (Id.). In an apparent error, the USMS sent a request to cancel the Felon in Possession Detainer at Kinross Correctional Facility instead of the Bond Violation Detainer at Wayne County Jail. (Id.). Handwritten notes on the USMS letter indicate the intent was to cancel the Bond Violation Detainer. (Id.). On February 14, 1995, pursuant to the request to cancel the wrong detainer, the Kinross Correctional Facility issued a

memorandum to Bredow advising that he was discharged from his state probation case on February 2, 1993, and the USMS cancelled its Felon in Possession Detainer.  (Id.).

On March 1, 1996, Bredow was released on state parole. (Id. ¶ 12).  He then reoffended and was arrested on April 16, 1997 in Michigan and convicted of two counts of Armed Robbery and one count of Felony Firearms Possession.  (Id. ¶ 13).

On October 21, 2008, the USMS filed a detainer for his 27-month federal sentence not yet served with the Macomb Correctional Facility where Bredow was serving a state sentence. (Id. ¶ 18).  Bredow was later transferred to the Gus Harrison Correctional Facility, where USMS lodged another detainer on August 19, 2014.  (Id.).

After spending a period of time at liberty as well as serving several other state sentences, Bredow completed his state term on January 27, 2016, and was released on parole to the custody of the USMS to begin serving his federal sentence.  (Id. at ¶¶ 12–19).

At the time Bredow filed the present Petition, he was serving a 27-month federal sentence imposed following his convictions for possession of firearms and possession of ammunition by a convicted felon with a projected release date of July 5, 2017, with good-conduct credits. On July 5, 2017, the BOP released Bredow from FCI-Cumberland.  See https://www.bop.gov/inmateloc/ (last visited on July 24, 2017).[1]

## II.   DISCUSSION

### A.   Standard of Review

Warden Stewart styles his Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56.  (ECF No. 7).  A motion styled in this manner implicates the Court's discretion under Rule 12(d).  See Kensington Vol. Fire Dept., Inc. v.

---

[1] Thus, to the extent Bredow's Petition sought his release from federal incarceration, it has been rendered moot.

3

Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd sub nom., Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans

4

v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)).  To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition."  Fed.R.Civ.P. 56(d).  The Fourth Circuit has warned that it "place[s] great weight on the Rule 56[d] affidavit."  Harrods, 302 F.3d at 244 (quoting Evans, 80 F.3d at 961).  Indeed, failing to file a Rule 56(d) affidavit "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."  Id. (quoting Evans, 80 F.3d at 961).

Here, the parties were on notice that the Court might resolve Warden Stewart's Motion under Rule 56 because Warden Stewart styled his Motion in the alternative for summary judgment and presented extra-pleading material for the Court's consideration.  See Moret, 381 F.Supp.2d at 464.  Bredow does not make an informal request for discovery, let alone file a Rule 56(d) affidavit.  Accordingly, the Court will construe Warden Stewart's Motion as a Rule 56 motion for summary judgment.

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor.  Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).  Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a), (c)(1)(A).  Supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**B.    Analysis**

    **1.    § 2241 Petition**

For relief under § 2241, a petitioner must be in custody in violation of the Constitution or laws of the United States and must exhaust his available state remedies. 28 U.S.C. § 2241; 28

U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010) (§ 2241 petition); McClung v. Shearin, 90 F.App'x. 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981)). This requirement may be excused only upon a showing of cause and prejudice. Carmona, 243 F.3d at 634.

In her sworn declaration, Jan Hanks, Management Analyst with the BOP's Designation and Sentence Computation Center, states that Bredow has not filed any administrative remedy requests regarding the issues he raises in his Petition. (Hanks Decl. ¶ 22). Warden Stewart's exhibit entitled "Administrative Remedy Generalized Retrieval" likewise shows that Bredow did not file any administrative remedy requests. (ECF No. 7-2 at 41).

Bredow does not present any evidence refuting that he did not file requests for administrative remedy. By not filing such a request, Bredow has deprived the BOP of the opportunity to respond to his claims before presenting them in federal court. Furthermore, Bredow does not present any evidence from which a reasonable jury could find that the exhaustion requirement should be excused based on cause and prejudice. Accordingly, the Court will grant Warden Stewart's Motion and dismiss the Petition.

    **2.    Certificate of Appealability**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Buck v. Davis, \_U.S.\_, 137 S.Ct. 759, 773 (Feb. 22, 2017) (citing Miller-El v. Cockerell, 537 U.S. 322, 336 (2003)). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v.

7

McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where, as here, a petition is denied on procedural grounds, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Id. at 478. The Court concludes that Bredow has not made the requisite showing. The Court, therefore, declines to issue a Certificate of Appealability.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition (ECF No. 1) without prejudice as unexhausted and grant Warden Stewart's Motion (ECF No. 7). A Certificate of Appealability shall not issue. A separate Order follows.

Entered this 31st day of July, 2017

/s/
_____
George L. Russell, III
United States District Judge